Franklin County Ohio Clerk of Courts of the Common Pleas- 2023 Jan 27 1:27 PM-23CV000754
0G237 - W63
Case: 2:23-cv-00784-JLG-EPD Doc #: 1-1 Filed: 02/27/23 Page: 1 of 16 PAGEID #: 4

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| OLA ALI<br>6651 Brock Street<br>Dublin, OH 43017 | )<br>)<br>) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | )<br>) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES AND** |
| | ) | **INJUNCTIVE RELIEF** |
| COLUMBUS STATE COMMUNITY<br>COLLEGE<br>550 E. Spring St.<br>Columbus, OH 43215 | )<br>)<br>)<br>)<br>) | **(Jury Demand Endorsed Herein)** |
| | ) | |
| Defendant. | ) | |

Plaintiff Ola Ali by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## PARTIES

1. Ali is a resident of the city of Dublin, Franklin County, Ohio.

2. Defendant Columbus State Community College ("Columbus State") is a non-profit corporation that does business and/or provides services in the State of Ohio. The relevant location of the events and omissions of this Complaint took place was 550 E. Spring St., Columbus, OH 43215.

3. Columbus State is, and was at all times hereinafter mentioned, Ali's employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C §2000e, *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S. Code § 623, *et seq.*, and Ohio R.C. §4112.01, *et seq.*

4. Within 300 days of the adverse employment actions described herein, Ali dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission

EXHIBIT
A

    ("EEOC") and Ohio Civil Rights Commission ("OCRC") against Columbus State, Charge No. 532-2022-03581 ("EEOC Charge").

5. On or about December 5, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Ali regarding her EEOC Charge.

6. Ali received the Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 200e-5(f)(1), which had been attached hereto as Plaintiff's Exhibit 1.

7. Ali has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

8. Ali has properly exhausted all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

## JURISDICTION & VENUE

9. All the material events alleged in this Complaint occurred in or around Franklin County, Ohio.

10. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1), (2), and/or (3).

11. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and/or (6).

## FACTS

12. Ali is a former employee of Columbus State.

13. At all times noted herein, Ali was qualified for her position with Columbus State.

14. At all times noted herein, Ali could fully perform the essential functions of her job, with or without a reasonable accommodation.

15. Ali worked for Columbus State as an annual contracted faculty member from 2012, until Columbus State unlawfully refused to renew Ali's contract, rejected her applications for tenure, and wrongfully terminated her employment in Spring 2022.

2

Franklin County Ohio Clerk of Courts of the Common Pleas- 2023 Jan 27 1:18 PM-23CV000475
0G237 - W65
Case: 23-cv-00784-CHG Doc #: 1-1 Filed: 02/27/23 Page: 23 of 71 PAGEID #: 56

16. Ali is Muslim and of Middle Eastern origin, placing her in protected categories for race, religion, and national origin.

17. The physiology and anatomy group of the science department at Columbus State, in which Ali worked, is 100% Caucasian. Ali was the only "foreigner" among them, as she was referred to by one of the search committee members.

18. Further, the physiology and anatomy group had its own search committee for tenure-track hires, which was also 100% Caucasian.

19. Ali is also 54 years old, placing her in a protected class for her age.

20. Ali had an exemplary employment record with no history of discipline in the years she worked for Columbus State.

21. Throughout her employment with Columbus State, Ali received glowing performance appraisals from her colleagues and students. Her students selected Ali as a Distinguished Professor on at least three separate occasions.

22. Ali has a medical degree, two master's degrees, and a Ph.D, which made her a highly qualified professor in her department.

23. However, Ali was the only Middle Eastern and Muslim professor in her department, which led to her being labeled as a "foreigner" by her colleagues. This included at least one member of the tenure track selection committee, Julie Posey (Caucasian Female).

24. On four occasions throughout her employment, Ali applied for tenure with Columbus State.

25. On all four occasions, Ali was denied tenure, despite being significantly more qualified than the younger Caucasian, non-Muslim professors who were granted tenure.

26. These tenure denials constituted adverse employment actions.

3

Franklin County Ohio Clerk of Courts of the Common Pleas- 2023 Jan 27 1:21 PM-23CV000475
0G237 - W66
Case: 2:23-cv-00784-CMV Doc #: 1-1 Filed: 02/27/23 Page: 24 of 71 PAGEID #: 57

27. On one occasion, Columbus State hired Josephine LNU over Ali for the tenure track physiology position, even though Josephine's degree was in neuroscience, and she never had physiology teaching experience.

28. Josephine also had never worked for Columbus State before being hired.

29. Josephine is non-Muslim.

30. On another occasion, Columbus State denied Ali's tenure application, and instead hired Neva Schottenstein, a younger, Caucasian woman with no degrees in physiology or anatomy, who had only been with the College for a few months.

31. The last two times Ali applied for tenure, she was rejected in favor of a younger, Caucasian woman with a master's degree in exercise physiology, and a younger, Caucasian man with a Doctor of Chiropractic degree, respectively.

32. Neither candidate had been with Columbus State for nearly as many years as Ali, and neither had the experience or educational qualifications she had.

33. In Spring 2022, Columbus State notified Ali that her annual contract with Columbus State would not be renewed.

34. Ali filed a complaint about this, which resulted in her being allowed to teach through the end of the summer semester.

35. At the end of the summer semester, Columbus State officially refused to renew Ali's contract and formally terminated her employment.

36. Columbus State informed Ali that she could apply for tenure to stay with Columbus State, but when she did, she was again denied by an all-Caucasian tenure selection committee.

37. All annual contract faculty whose contracts were not renewed for the 2022-2023 school year were given the opportunity to apply for tenure, and all were granted tenure.

4

38. The only faculty member not granted tenure was Ali, the only Middle Eastern and Muslim professor.

39. The above facts demonstrate that Columbus State engaged in a pattern and practice of race discrimination.

40. There was a causal connection between Ali's race and Defendant's termination of Ali.

41. There was a causal connection between Ali's national origin and Defendant's termination of Ali.

42. There was a causal connection between Ali's religion and Defendant's termination of Ali.

43. There was a causal connection between Ali's age and Defendant's termination of Ali.

44. Columbus State's purported reason for Ali's employment termination was pretextual.

45. Columbus State actually terminated Ali's employment in in an act of discrimination.

46. As a result of the above, Ali has suffered and will continue to suffer damages.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112

47. Ali restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

48. Throughout her employment, Ali was fully competent to perform her essential job duties.

49. Ali is a member of a statutorily-protected class under R.C. § 4112.02(A).

50. Columbus State employees, including the tenure selection committee, treated Ali differently than other similarly situated employees based on her race.

51. Among other discriminatory actions, Columbus State denied Ali tenure based on her race.

52. Columbus State violated R.C. § 4112.02(A) *et seq.* by discriminating against Ali due to her race.

53. On or about Spring 2022, Columbus State terminated Ali without just cause.

5

Franklin County Ohio Clerk of Courts of the Common Pleas- 2023 Feb 27 8:23 AM-23CV001475
0G237 - W68
Case: 2:23-cv-00784-ALM-EPD Doc #: 1 Filed: 02/27/23 Page: 54 of 71 PAGEID #: 59

54. Alternatively, Defendant's cited reason for Ali's termination was pretext.

55. At all times material herein, similarly situated non-Middle Eastern employees were not terminated without just cause.

56. Defendant terminated Ali based on her race.

57. Ali's race was a determinative factor in Defendant's decisions to take multiple adverse actions against Ali.

58. Defendant violated R.C. § 4112.01 *et. seq.* when it terminated Ali based on her race.

59. Ali suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

60. As a direct and proximate result of Defendant's conduct, Ali has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT II: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

61. Ali restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

62. Throughout her employment, Ali was fully competent to perform her essential job duties.

63. Ali is a member of a statutorily-protected class under Title VII.

64. Columbus State employees, including the tenure selection committee, treated Ali differently than other similarly situated employees based on her race.

65. Among other discriminatory actions, Columbus State denied Ali tenure based on her race.

66. Columbus State violated R Title VII by discriminating against Ali due to her race.

67. On or about Spring 2022, Columbus State terminated Ali without just cause.

68. Alternatively, Defendant's cited reason for Ali's termination was pretext.

6

69. At all times material herein, similarly situated non-Middle Eastern employees were not terminated without just cause.

70. Defendant terminated Ali based on her race.

71. Ali's race was a determinative factor in Defendant's decisions to take multiple adverse actions against Ali.

72. Defendant violated Title VII when it terminated Ali based on her race.

73. Ali suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII.

74. As a direct and proximate result of Defendant's conduct, Ali has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT III: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF R.C. § 4112**

75. Ali restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

76. Throughout her employment, Ali was fully competent to perform her essential job duties.

77. Ali is a member of a statutorily-protected class under R.C. § 4112.02(A).

78. Columbus State employees, including the tenure selection committee, treated Ali differently than other similarly situated employees based on her national origin.

79. Among other discriminatory actions, Columbus State denied Ali tenure based on her national origin.

80. Columbus State violated R.C. § 4112.02(A) *et seq.* by discriminating against Ali due to her national origin.

81. On or about Spring 2022, Columbus State terminated Ali without just cause.

82. Alternatively, Defendant's cited reason for Ali's termination was pretext.

83. At all times material herein, similarly situated non-Middle Eastern employees were not terminated without just cause.

84. Defendant terminated Ali based on her national origin.

85. Ali's national origin was a determinative factor in Defendant's decisions to take multiple adverse actions against Ali.

86. Defendant violated R.C. § 4112.01 *et. seq.* when it terminated Ali based on her national origin.

87. Ali suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

88. As a direct and proximate result of Defendant's conduct, Ali has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT IV: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII**

89. Ali restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

90. Throughout her employment, Ali was fully competent to perform her essential job duties.

91. Ali is a member of a statutorily-protected class under Title VII.

92. Columbus State employees, including the tenure selection committee, treated Ali differently than other similarly situated employees based on her national origin.

93. Among other discriminatory actions, Columbus State denied Ali tenure based on her national origin.

94. Columbus State violated Title VII by discriminating against Ali due to her national origin.

95. On or about Spring 2022, Columbus State terminated Ali without just cause.

96. Alternatively, Defendant's cited reason for Ali's termination was pretext.

8

97. At all times material herein, similarly situated non-Middle Eastern employees were not terminated without just cause.

98. Defendant terminated Ali based on her national origin.

99. Ali's national origin was a determinative factor in Defendant's decisions to take multiple adverse actions against Ali.

100. Defendant violated Title VII when it terminated Ali based on her national origin.

101. Ali suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII.

102. As a direct and proximate result of Defendant's conduct, Ali has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT V: RELIGIOUS DISCRIMINATION IN VIOLATION OF R.C. § 4112**

103. Ali restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

104. Throughout her employment, Ali was fully competent to perform her essential job duties.

105. Ali is a member of a statutorily-protected class under R.C. § 4112.02(A).

106. Columbus State employees, including the tenure selection committee, treated Ali differently than other similarly situated employees based on her religion.

107. Among other discriminatory actions, Columbus State denied Ali tenure based on her religion.

108. Columbus State violated R.C. § 4112.02(A) *et seq.* by discriminating against Ali due to her religion.

9

109. On or about Spring 2022, Columbus State terminated Ali without just cause.

110. Alternatively, Defendant's cited reason for Ali's termination was pretext.

111. At all times material herein, similarly situated non-Muslim employees were not terminated without just cause.

112. Defendant terminated Ali based on her religion.

113. Ali's religion was a determinative factor in Defendant's decisions to take multiple adverse actions against Ali.

114. Defendant violated R.C. § 4112.01 *et. seq.* when it terminated Ali based on her religion.

115. Ali suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

116. As a direct and proximate result of Defendant's conduct, Ali has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VI: RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

117. Ali restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

118. Throughout her employment, Ali was fully competent to perform her essential job duties.

119. Ali is a member of a statutorily-protected class under Title VII.

120. Columbus State employees, including the tenure selection committee, treated Ali differently than other similarly situated employees based on her religion.

10

121.    Among other discriminatory actions, Columbus State denied Ali tenure based on her religion.

122.    Columbus State violated Title VII by discriminating against Ali due to her religion.

123.    On or about Spring 2022, Columbus State terminated Ali without just cause.

124.    Alternatively, Defendant's cited reason for Ali's termination was pretext.

125.    At all times material herein, similarly situated non-Muslim employees were not terminated without just cause.

126.    Defendant terminated Ali based on her religion.

127.    Ali's religion was a determinative factor in Defendant's decisions to take multiple adverse actions against Ali.

128.    Defendant violated Title VII when it terminated Ali based on her religion.

129.    Ali suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII.

130.    As a direct and proximate result of Defendant's conduct, Ali has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VII: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112

131.    Ali restates each and every prior paragraph of this complaint, as if it were fully restated herein.

132.    Ali is 54.

133.    At all times relevant, Ali was a member of a statutorily-protected class under R.C. §4112.14(B).

134. Defendant treated Ali differently from other similarly situated employees based on her age.

135. Among other discriminatory actions, Columbus State denied Ali tenure based on her age.

136. As of Spring 2022, Ali was fully qualified for his/her position and employment with the Defendant.

137. Ali, at age 54, was a member of a statutorily-protected class under R.C. § 4112.14(B) at the time she was terminated from her employment with the Defendant.

138. Ali was terminated from her employment on or around Spring 2022.

139. Ali was denied tenure when she was terminated from her employment on or around Spring 2022.

140. After denying Ali and terminating her employment, Defendant approved tenure for people who were significantly younger and/or did not belong to the protected class under R.C. §4112.14(B).

141. Defendant violated R.C. §4112.02 and R.C. § 4112.99 by discriminating against Ali based on her age.

142. Ali suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

143. As a direct and proximate result of the Defendant's conduct, Ali suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VIII: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

144.  Ali restates each and every prior paragraph of this complaint, as if it were fully restated herein.

145.  Ali is 54.

146.  At all times relevant, Ali was a member of a statutorily-protected class under the ADEA.

147.  Defendant treated Ali differently from other similarly situated employees based on her age.

148.  Among other discriminatory actions, Columbus State denied Ali tenure based on her age.

149.  As of Spring 2022, Ali was fully qualified for his/her position and employment with the Defendant.

150.  Ali, at age 54, was a member of a statutorily-protected class under the ADEA at the time she was terminated from her employment with the Defendant.

151.  Ali was terminated from her employment on or around Spring 2022.

152.  Ali was denied tenure when she was terminated from her employment on or around Spring 2022.

153.  After denying Ali and terminating her employment, Defendant approved tenure for people who were significantly younger and/or did not belong to the protected class under the ADEA.

154.  Defendant violated R the ADEA by discriminating against Ali based on her age.

155.  Ali suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADEA.

13

Franklin County Ohio Clerk of Courts of the Common Pleas- 2023 Jan 27 4:21 PM-23CV000475
Case: 2:23-cv-00784-JLG-EPD Doc #: 1 Filed: 02/27/23 Page: 14 of 71 PAGEID #: 17
0G237 - W76

156. As a direct and proximate result of the Defendant's conduct, Ali suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IX: RETALIATION

157. Ali restates each and every prior paragraph of this complaint, as if it were fully restated herein.

158. As a result of the Defendant's discriminatory conduct described above, Ali complained about the discrimination she was experiencing.

159. Subsequent to Ali reporting of discrimination to Defendant, Ali was denied tenure.

160. Subsequent to Ali reporting of discrimination to Defendant, Ali's employment was terminated.

161. Defendant's actions were retaliatory in nature based on Ali's opposition to the unlawful discriminatory conduct.

162. Pursuant to Title VII, the ADEA, and R.C. §4112.02(I), it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

163. Ali suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII, the ADEA, and R.C. § 4112.01 et seq.

164. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Ali, she suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**DEMAND FOR RELIEF**

WHEREFORE, Ali demands from Defendant the following:

a) Issue a permanent injunction:

   i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

   iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

   v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge her personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Ali for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

15

Case: 2:23-cv-00794-JLG-EPD Doc #: 1-5 Filed: 02/27/23 Page: 16 of 18 PAGEID #: 519
Franklin County Ohio Clerk of Courts of the Common Pleas- 2023 Jan 23 4:27 PM-23CV000475
0G237 - W78

e) An award of reasonable attorneys' fees and non-taxable costs for Ali's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Matthew Bruce
Matthew G. Bruce (0083769)
    Trial Attorney
Evan R. McFarland (0096953)
**SPITZ, THE EMPLOYEES' LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, Ohio 45246
Phone: (216) 291-0244
Fax: (216) 291-5744
Email: matthew.bruce@spitzlawfirm.com
Email: evan.mcfarland@spitzlawfirm.com

*Attorneys for Plaintiff Ola Ali*

## JURY DEMAND

Plaintiff Ola Ali demands a trial by jury by the maximum number of jurors permitted.

/s/ Matthew Bruce
Matthew G. Bruce (0083769)
    Trial Attorney
**SPITZ, THE EMPLOYEES' LAW FIRM**

16